■ MORITZ KOZLOWSKI, Respondent, v. MUNDEK MARGULIES et al., Appellants.— Order, entered on or about August 9, 1965, granting temporary injunction unanimously reversed on the facts and the law, with $50 costs and disbursements to appellants and motion for a temporary injunction denied. Special Term granted a temporary injunction in an action by a stockholder and former officer of a closed corporation. The injunction declared void an election of officers and directors, vacated all actions taken by the board so elected and restored plaintiff to his position as secretary-treasurer of the corporation, directing the payment to him of his salary since his ouster. The

order is improper for several reasons. The complaint is based upon the action taken at a stockholders' meeting held January 27, 1965. The complaint has never been amended. It appears without contradiction that the action taken at that meeting was substantially nullified. A subsequent meeting, on April 30, 1965, apparently gives rise to plaintiff's complaint. This is not a mere mistake in dates nor confusion as to the effect of the actions on the respective dates, as will be pointed out. Secondly, there is a defect of parties. Originally plaintiff and defendant Margulies were the sole stockholders and signatories of the agreement on which the injunction rests. Later, but long before the acts complained of, one Morgenstern became a stockholder and a party to the agreement. He has not been made a party to the action, nor have any of the directors, except Margulies, who were elected at the disputed meeting held April 30. Lastly, a question, deemed substantial by a majority of the court, has been raised as to the expiration date of the stockholders' agreement. Specifically, the question is as to whether certain provisions were intended to survive the 10-year period which admittedly controls other provisions. This 10-year period fell due between the meetings of January 27 and April 30. By electing to rely on the earlier meeting, plaintiff obviates this question. But his proof does not support him as to the effect of that meeting. In effect, the injunction grants a partial summary judgment. This has been done on a complaint which does not allege the cause of action, affects persons not served in the action, and involves a disputed factual question. Concur — Breitel, J. P., McNally, Stevens, Steuer and Staley, JJ.